

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COBRA 28 NO. 7 LP, et al., <br><br> Plaintiff, <br><br> v. <br><br> HARRIS FAMILY TRUST, et al., <br><br> Defendants. | NO. CV 13-7585 UA (DUTYx) <br><br> **ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

The Court will remand this unlawful detainer action to state court summarily because Defendant Tameka Laushaul ("Defendant") removed it improperly.

On October 15, 2013, Defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Plaintiff could not have brought this action in federal court in the first place, in that Defendant does not competently allege facts supplying either diversity or federal-question

jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a);[1] see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611, 2623 (2005). As an initial matter, the state court complaint attached to the Notice of Removal asserts only a single cause of action for unlawful detainer pursuant to the California Code of Civil Procedure. (See Notice of Removal, Exhibits at 7-10.) Accordingly, the state court complaint discloses no federal statutory or constitutional question. See Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under federal law."); Indymac Federal Bank, F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint[]" where "[t]he Complaint contains a single cause of action for unlawful detainer.").

Moreover, it is well-settled that "a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the Plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987) (italics in original). Nor can a counterclaim "serve as the basis for [§ 1331[2]] 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32, 122 S.Ct. 1889, 1893-94 (2002). Thus, to the extent Defendant's defenses or counterclaims to the unlawful detainer action are based on alleged violations of federal law, those allegations do not provide a basis for federal-question jurisdiction.

Finally, even if complete diversity of citizenship exists, the amount in controversy does not

---

[1] 28 USC § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[2] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332,[3] 1441(b).[4] "In unlawful detainer actions, . . . the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." Litton Loan Servicing, L.P. v. Villegas, 2011 WL 204322, at *2 (N.D. Cal. 2011) (noting that "[i]n unlawful detainer actions such as this one, California courts have noted that the right to possession alone is involved – not title to the property[]") (internal quotation marks, brackets and citation omitted). Here, Plaintiff's complaint alleges damages for the reasonable value of the use and occupancy of the subject property, i.e., Plaintiff seeks $25.00 per day from expiration of the notice to vacate, on or about May 7, 2013, through the date on which Defendant relinquishes possession. (See Notice of Removal, Exhibits at 10.) Because these damages sought from the unlawful possession of the property do not exceed $75,000 (thus far, they would total approximately $4,200), this Court lacks diversity jurisdiction. See 28 U.S.C. § 1332(a); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291, 58 S.Ct. 586, 591 (1938) (the status of the case as disclosed by the plaintiff's complaint is controlling for purposes of removal).

///

///

///

///

---

[3] 28 U.S.C. § 1332(a) provides that diversity jurisdiction exists only in suits between citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

[4] 28 U.S.C. § 1441(b) provides that:

> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Accordingly, IT IS ORDERED that:

1. This matter shall be REMANDED to the Superior Court of California, County of Los Angeles, 42011 4th Street West, Lancaster, CA 93534, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

3. The Clerk shall serve copies of this Order on the parties.

DATED: 10/25, 2013.

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE